Ms. V. Lynn Whitfield Assistant City Attorney City of West Palm Beach Post Office Box 3366 West Palm Beach, Florida 33402
Dear Ms. Whitfield:
You have asked the following questions:
 1. Whether, pursuant to s. 421.07, F.S., anyone other than the mayor may initiate the removal of a commissioner of the Housing Authority of the City of West Palm Beach?
 2. Whether, pursuant to s. 421.07, F.S., a majority of the City Commission of the City of West Palm Beach can override the authority of the mayor, by veto, to initiate charges for removing housing authority board members?
 3. If a majority of the city commission votes to initiate charges for removal, is the mayor's affirmative vote required to be a part of the plurality in order for the vote to be valid?
In sum:
 1. Pursuant to s. 421.07, F.S., the Mayor of the City of West Palm Beach is the only official authorized to initiate proceedings for the removal of a housing commissioner.
 2. Section 421.07, F.S., does not empower the city commission to override the mayor's call for removal of a housing commissioner by veto; if the city commission does not concur in the mayor's call, the statutory requirements are not satisfied and the housing commissioner is not removed.
 3. As the city commission is not authorized to initiate charges for removal of a housing commissioner, your third question is moot.
The Legislature has found that there exists in Florida an insufficient number of safe and sanitary dwelling units available at rents affordable to persons of low income.[1] Furthermore, the Legislature has found that private enterprise is not properly suited to completely alleviate this shortage. Consequently, the Legislature has established a housing authority in each city in the state as a public body corporate and politic.[2] However, such a housing authority is not authorized to exercise any power or transact any business unless or until the governing body of the city passes a resolution declaring a need for the authority to function. Once the city has declared the need for activating its authority, the mayor, with the approval of the city's governing body, is given the power to appoint five persons to serve as commissioners of the authority with terms of office of four years each.[3]
Section 421.07, F.S., empowers the appointing authorities to remove a commissioner of an authority for inefficiency or neglect of duty or misconduct in office. The statute provides that:
 For inefficiency or neglect of duty or misconduct in office, a commissioner of an authority may be removed by the mayor with the concurrence of the governing body, but a commissioner shall be removed only after he shall have been given a copy of the charges at least 10 days prior to the hearing thereon and had an opportunity to be heard in person or by counsel. In the event of the removal of any commissioner, a record of the proceedings, together with the charges and findings thereon, shall be filed in the office of the clerk.
I find no express provision in this statute or elsewhere in Part I, Ch. 421, F.S., relating to any alternate procedure for the removal of a housing authority commissioner nor have you directed my attention to any such authority. A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[4] Thus, any method other than that expressly provided for in s. 421.07, F.S., for the removal of a housing authority commissioner is prohibited.
Question One
You first ask whether anyone other than the mayor may initiate charges for the removal of a housing commissioner. The statute states that "a commissioner . . . may be removed by the mayor with the concurrence of the governing body. . . ." (e.s.) Utilizing the common and ordinary meaning of the word "by," it would appear that the mayor must initiate any removal proceedings.[5] "By" has been defined to mean: "through the agency or instrumentality of", "used as a function word to qualify as an agent, means, or instrument. BY is followed commonly by the agent or causative agency . . .";[6] "through the means or instrumentality of" "through the direct agency of" "through the work or operation of;[7]
"[t]hrough the agency or action of."[8]
Thus, it would appear that the mayor is the causative agent in the removal of a housing commissioner and no other official is authorized by s. 421.07, F.S., to initiate this process.
Question Two
The statute provides that the mayor of a municipality may remove a housing commissioner with the concurrence of the governing body. The term "concurrence" is not defined in the statute.[9]
However, as discussed above, when words of common usage are used in a statute, they should be construed in their plain and ordinary sense. Concurrence has been defined to mean: "agreement or union in action: cooperation", "consent";[10] "agreement or union in action: . . . cooperation;" "agreement in opinion: union in design; also: consent";[11] "agreement in opinion; . . . agreement or union in action; . . . approval;"[12] "[a]greement in opinion; accordance", "[c]ooperation or combination, as of agents, causes, circumstances, or events."[13]
Thus, the statute must be understood to mean that the mayor may remove a commissioner of a housing authority with the agreement or consent of the governing body of the municipality. No requirement of unanimity is imposed, but approval from the governing body in the mayor's action is mandated.
Clearly, if the governing body of the municipality does not concur in the mayor's call for removal of a housing commissioner, the conditions of the statute will not be met and no removal will occur. No provision for the veto by the city commission of the mayor's call for removal is made in s. 421.07, F.S., and this office may not read such a procedure into the statute.[14]
Question Three
Your third question presupposes that the city commission may initiate the removal of a housing commissioner. As I have concluded herein, no procedure is established for the removal of a housing commissioner other than that in s. 421.07, F.S., and that statute does not authorize the city commission to initiate such proceedings but only to concur in the mayor's call for removal.
Therefore, it is my opinion that, pursuant to s. 421.07, F.S., the mayor of a municipality is the official who must initiate the removal of a housing authority commissioner. Further, by withholding its concurrence, the governing body may stop the removal of a commissioner but the governing body possesses no authority to override or veto the mayor's call for removal.
Sincerely,
Robert A. Butterworth Attorney General (gh)
[1] Section 421.02, F.S.
[2] Section 421.04, F.S.
[3] Section 421.05, F.S., as amended by s. 1, Ch. 89-33, Laws of Florida.
[4] Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944).
[5] Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958) (when words of common usage appear in a statute they should be construed in their plain and ordinary sense).
[6] Webster's New Collegiate Dictionary 151 (1975).
[7] Webster's Third New International Dictionary 307 (unabridged ed. 1981).
[8] The American Heritage Dictionary of the English Language 182 (New College ed. 1979).
[9] The phrase "concurrence of the governing body" was added as a requirement for removal of a commissioner by s. 2, Ch. 59-413, Laws of Florida. This office has been advised by the Division of Library and Information Services that no material for determining legislative history exists for legislation enacted prior to 1969. Thus, this office has no source for determining the intent of the Legislature in adopting this amendment.
[10] Webster's New Collegiate Dictionary 234 (1975).
[11] Webster's Third New International Dictionary 472 (1981).
[12] 15A C.J.S. Concurrence pp. 331-332 (1967).
[13] The American Heritage Dictionary of the English Language 277 (New College ed. 1979).
[14] The Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute. Cf., Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974); AGO's 87-43, 86-32, and 82-20.